WILLIE EARL CLARK V. STATE

No. 33,086.  March 8, 1961

No attorney for appellant of record on appeal.

*Henry Wade,* Criminal District Attorney, *Jerome Chamberlain, Ken Dipple, Phil Burleson,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge

The offense is burglary, with two prior felony convictions alleged for enhancement; the punishment, life.

The witness Hereford testified that for some time prior to the date charged in the indictment he had left an air conditioning unit stored in the hallway of an apartment house under his control; that on the day in question he received a call, went to the apartment house and found the unit sitting on the front porch some forty feet from where it had been stored. He testified further that in order to gain access to the hallway in question it was necessary to open a screen door, which would have required some force, and that he gave no one permission to enter and move the unit. He stated that when he placed the unit in the hallway it required the help of another man to lift it.

Burnett and his wife testified that they were seated at their dining table in the apartment house in question on the day charged in the indictment and observed a 1952 De Soto automobile drive into the parking area at the rear of the building; that they observed it closely because Burnett's brother had an automobile of the same year and make; that two men, one of whom was appellant, got out of the automobile and walked toward the front of the apartment house. They testified that shortly thereafter they heard a loud niose, "sounded like a heavy object had been dropped," and went to investigate. Burnett testified that he saw the air conditioning unit, which had been sitting in the hallway for some time, at the edge of the porch and appellant's companion "leaving the porch in a big lunge," saw him run to the De Soto where appellant was seated at the wheel; it was driven away "in a big hurry," and that he took down the license number and called Hereford. They testified that the screen door to the hallway was held closed by a spring and, further, that some time thereafter they identified appellant in a police lineup.

The prior convictions were established.

Appellant did not testify in his own behalf and offered only the evidence that he had been incarcerated since his arrest.

There are no formal bills of exception, and no brief for appellant has been filed.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.